IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TREVOR MORRIS, ) | Case No.: 4:25-cv-03918-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| DR. JEFFREY HALL, DR. DAVID ) | |
| BOWENS, AND DR. AMANDA ) | |
| MEDFORD, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 29), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses the Defendant Dr. Jeffrey Hall's motion to dismiss (DE 24) pursuant to Rule 12(b)(1) and 12(b)(6) Plaintiff Trevor Morris's ("Plaintiff") Complaint against him (DE 1).[1]

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff, a state prisoner proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 on May 9, 2025. Plaintiff is currently incarcerated at the Lieber

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Correctional Institution. In his Complaint, Plaintiff alleges that Defendant Dr. Jeffrey Hall violated his constitutional rights in connection with dental treatment he received while incarcerated. (DE 1.) Plaintiff asserts claims against Defendant Dr. Jeffrey Hall arising from the extraction of Plaintiff's wisdom teeth and the alleged adequacy and timeliness of related medical care.

On August 19, 2025, Defendant Hall filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), along with a supporting memorandum. (DE 24.) Because Plaintiff is proceeding *pro se*, the Magistrate Judge issued a *Roseboro* order advising Plaintiff of the motion to dismiss procedure and warning him of the possible consequences of failing to respond. (DE 27.) Plaintiff did not file a response to the motion or otherwise comply with the Court's order.

**B.     Report and Recommendation**

On September 30, 2025, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims against Defendant Hall be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court orders, and that Defendant Hall's motion to dismiss be rendered moot. (DE 29.) The Magistrate Judge explained that Plaintiff, as a *pro se* litigant, was solely responsible for prosecuting his case and responding to dispositive motions and court directives.

Applying the factors governing dismissal under Rule 41(b), the Magistrate Judge found that Plaintiff failed to respond to Defendant Hall's motion to dismiss and failed to comply with the Court's *Roseboro* order, demonstrating abandonment of the

action as to Defendant Hall. The Report further concluded that Plaintiff's noncompliance was attributable entirely to Plaintiff, Defendant Hall would be prejudiced by continued delay, Plaintiff had proceeded in a dilatory manner, and no sanction less drastic than dismissal would be effective under the circumstances. Accordingly, the Magistrate Judge recommended dismissal of the action against Defendant Hall pursuant to Rule 41(b).

**C.      Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.      Plaintiff Objection**

Plaintiff filed a handwritten objection to the Report and Recommendation in which he elaborates on the dental treatment he received from Defendant Dr. Jeffrey Hall. (DE 31.) Plaintiff alleges that during a wisdom tooth extraction performed in

3

September 2024, Dr. Hall removed the wrong tooth, used improper extraction techniques, left part of a tooth root near a nerve, and caused Plaintiff significant pain and swelling. Plaintiff further contends that Dr. Hall's alleged actions and the delay in removing Plaintiff's remaining wisdom teeth constitute deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

The Court has carefully reviewed Plaintiff's objection and the underlying record. Even construing Plaintiff's objection liberally, the Court concludes that it does not warrant rejection of the Magistrate Judge's recommendation. The Report recommends dismissal pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to prosecute and failure to comply with Court orders, including his failure to respond to Defendant Hall's motion to dismiss despite receiving proper notice under *Roseboro v. Garrison*. Plaintiff's objection, while expanding on the factual allegations underlying his medical claim, does not cure his failure to respond to the dispositive motion or demonstrate good cause for his noncompliance with the Court's orders.

Moreover, to the extent Plaintiff's objection may be construed as urging the Court to reach the merits of his Eighth Amendment claim, the allegations set forth do not alter the procedural posture of the case or undermine the Rule 41(b) analysis. Disagreements over the adequacy of medical treatment, allegations of negligence, or assertions that an alternative course of treatment should have been pursued do not, standing alone, establish deliberate indifference under the Eighth Amendment. Plaintiff's objection does not allege facts demonstrating that Defendant Hall

4

subjectively knew of and disregarded an excessive risk to Plaintiff's health, nor does it explain how Plaintiff's failure to prosecute should be excused.

Accordingly, after considering Plaintiff's objection on the merits, the Court finds that it does not identify any error of law or fact in the Report and Recommendation and does not provide a basis to decline adoption of the Magistrate Judge's conclusions.

**E.     Conclusion**

After a careful and thorough review of the Report and Recommendation, Plaintiff's objection, and the entire record in this matter, the Court finds that Plaintiff's objection is without merit and does not warrant rejection of the Magistrate Judge's analysis or conclusions. Accordingly, Plaintiff's objection is OVERRULED, and the Court adopts the Report and Recommendation (DE 29) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Plaintiff's claims against Defendant Dr. Jeffrey Hall are DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court orders. Defendant Hall's motion to dismiss (DE 24) is RENDERED MOOT.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 16, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.