IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TREVOR MORRIS,<br><br>Plaintiff,<br><br>vs.<br><br>DR. JEFFREY HALL, DR. DAVID BOWENS, AND DR. AMANDA MEDFORD,<br><br>Defendants. | Case No.: 4:25-cv-03918-JD-TER<br><br>ORDER AND OPINION |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 (D.S.C.). (DE 58.) The Report recommends granting in part and denying in part Defendants Dr. David Bowens and Dr. Amanda Medford's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. (DE 49.) Specifically, the Report recommends dismissing Defendant Medford and the official-capacity claims for monetary damages, while denying the Motion as to Plaintiff Trevor Morris's individual-capacity Eighth Amendment claim against Defendant Bowens.

The parties filed objections and related submissions. (DE 62; DE 64; DE 68; DE 71.) After the Report was issued, Plaintiff moved for leave to amend and filed an additional declaration. (DE 72; DE 73.) Defendants oppose amendment. (DE 74.) That Motion remains pending. For the reasons below, the Court adopts the Report as

modified, grants in part and denies in part 49, and leaves DE 72 for separate consideration.

**A. Background**

Plaintiff, proceeding *pro se* and in the custody of the South Carolina Department of Corrections ("SCDC"), filed this action under 42 U.S.C. § 1983 on May 9, 2025. Defendant Hall was dismissed from the action on January 16, 2026. (DE 54.) Bowens and Medford filed DE 49 on December 19, 2025, seeking dismissal under Rule 12(b)(6) or, alternatively, summary judgment under Rule 56. Plaintiff responded (DE 53), and Defendants replied (DE 57).

Liberally construed, the Complaint alleges deliberate indifference to Plaintiff's serious dental needs in violation of the Eighth Amendment. Plaintiff alleges substantial dental pain associated with decayed or infected teeth, a retained root fragment after an outside extraction, and inadequate responses to his requests for dental care. (DE 1 at 5.) As the Report recognized, however, the Complaint identifies specific treatment-related conduct principally as to Bowens and contains no particularized act or omission by Medford. (DE 58 at 5–7.)

DE 49 raises exhaustion, Eleventh Amendment immunity, the sufficiency of the Eighth Amendment claim, qualified immunity, and alternative state-law arguments. (DE 49 at 7–20.)

**B. Report and Recommendation**

The Report addressed Defendants' grounds for dismissal and summary judgment separately. As relevant to the Eighth Amendment claim, the Report understood Plaintiff to allege that he experienced substantial dental pain associated

with an infected or abscessed tooth. (DE 1 at 5; DE 58 at 5.) Plaintiff also alleged that an outside oral surgeon left a portion of a wisdom-tooth root following extraction; that the surgeon identified severe decay in tooth #19 requiring further treatment; and that Bowens thereafter delayed necessary dental care despite Plaintiff's continuing complaints. (*Id.* at 7.) The Report also noted Plaintiff's acknowledgment that he received antibiotics and pain medication during the relevant period. (DE 58 at 5.)

The Report first recommended dismissal of Medford. It concluded that, although the Complaint named Medford and referred generally to Bowens and Medford together, it alleged no particular act or omission by Medford from which her personal participation in a constitutional violation could reasonably be inferred. (DE 58 at 5–7.) The Report also recommended dismissal of Plaintiff's claims for monetary damages against Bowens and Medford in their official capacities under the Eleventh Amendment. (*Id.* at 15–16.) And because the Complaint expressly asserted an Eighth Amendment claim under § 1983 rather than a state-law tort claim, the Report concluded that the South Carolina Tort Claims Act did not provide an additional basis for dismissal. (*Id.* at 22.)

On exhaustion, the Report rejected Defendants' contention that Plaintiff was required to appeal the disposition of his Step 2 grievance to the South Carolina Administrative Law Court before filing this action. After reviewing decisions from this District addressing that question, the Report concluded that completion of SCDC's Step 1 and Step 2 grievance process was sufficient for purposes of the PLRA. (*Id.* at 8–14.) It found that Plaintiff had completed both steps and that his grievances

encompassed the dental-care issues asserted here, including continuing pain, infection, and allegedly delayed treatment. (*Id.* at 13–15.)

The Report then addressed the claim against Bowens under both Rule 12(b)(6) and Rule 56. At the pleading stage, it concluded that Plaintiff's allegations of a serious dental condition and delayed treatment resulting in continuing pain were sufficient to state an Eighth Amendment claim. (*Id.* at 17–20.) The Report recognized Defendants' contrary position that Plaintiff had received examinations, extractions, medication, and other treatment and that the record did not show intentional or reckless delay. (*Id.* at 17–18.) But those assertions were not then supported by the underlying dental records or other treatment evidence. The Report, therefore, concluded that Defendants had not carried their Rule 56 burden because, apart from evidence directed to exhaustion, they had submitted no dental records, treatment affidavits, or comparable evidence from which the Court could determine that no genuine factual dispute remained. (*Id.* at 19–20.) It accordingly recommended denying summary judgment on the individual-capacity claim against Bowens and, based on the unresolved factual issue concerning the asserted constitutional violation, denying qualified immunity at that stage. (*Id.* at 20–22.)

**C. Legal Standard**

A magistrate judge's recommendation has no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court conducts de novo review of those portions of the Report to which a party makes a specific written objection. 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the recommended disposition, in whole or in part, and may receive further evidence. In the absence of a specific objection, the Court need only determine that no clear error appears on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A Rule 12(b)(6) motion tests the legal sufficiency of the operative complaint. To survive dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor but need not accept legal conclusions or naked assertions devoid of factual enhancement. *Id.* at 678–79. Later briefing ordinarily cannot amend an operative complaint. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013).

Summary judgment presents a different inquiry. It is appropriate where the movant establishes that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Court views the evidence and reasonable inferences in the light most favorable to the nonmoving party, but the nonmoving party may not rely on speculation or unsupported allegations to create a genuine dispute.

The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976). The medical need must be objectively serious, and the defendant must subjectively know of and disregard an excessive risk to the inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). The Fourth Circuit recently reiterated that the subjective component is demanding: inadequate medical care must rise beyond negligence or disagreement with medical judgment, and a significant delay may support liability when it causes substantial harm. *Jackson v. Bush*, 181 F.4th 407, 417–18 (4th Cir. 2026). In the dental context, worsening disease or prolonged significant pain may constitute the required harm. *Formica v. Aylor*, 739 F. App'x 745, 755–58 (4th Cir. 2018). And the fact that a provider furnished some treatment does not, by itself, resolve whether the response to a known serious need was constitutionally adequate. *Pfaller v. Amonette*, 55 F.4th 436, 451–54 (4th Cir. 2022).

**D. Procedural Posture and Objections**

Defendants do not challenge the recommended dismissal of Medford from the operative Complaint or the dismissal of official-capacity monetary-damages claims. They object to the recommended denial of summary judgment and qualified immunity as to Bowens. (DE 62 at 1, 5–8.)

Defendants also supplement the record with an SCDC Dental Summary Report and Dr. Hall's September 2024 operative report. They contend those records show continuous, attentive treatment and negate both the objective and subjective

components of deliberate indifference. They separately argue that Plaintiff's pre-objection sworn materials concerned exhaustion only and that his unverified Complaint could not supply merits evidence at Rule 56. (DE 62 at 1–7; DE 62-1 at 2–7.)

Plaintiff responds that the records were submitted too late, that the records themselves document repeated complaints and prolonged pain, and that intermittent medication does not necessarily defeat a claim based on delayed definitive treatment. (DE 68 at 1–5; DE 71 at 1–5.)

### 1. The Pending Motion to Amend Does Not Prevent Resolution of the Report

After the Report was issued, Plaintiff filed DE 72 seeking leave to amend. That later motion presents a separate question. DE 49 asks whether the operative Complaint and Rule 56 record support the claims presently before the Court; DE 72 asks whether Plaintiff should receive leave to replace or supplement that pleading. The Court resolves DE 49 here and leaves DE 72 for separate consideration.

Accordingly, allegations appearing for the first time in Plaintiff's objections or proposed amendment do not cure the operative Complaint. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013). Conversely, dismissal of Medford from the operative Complaint does not adjudicate DE 72. Nothing in this Order decides whether amendment should be allowed.

### 2. The Court Will Consider the Supplemental Rule 56 Evidence

Plaintiff separately asks the Court to disregard DE 62-1 because the records were available earlier and were not submitted with the original summary-judgment motion. He argues that supplementation after an adverse recommendation would reward lack of diligence and prejudice him. (DE 68 at 1–2; DE 71 at 1–3.)

The Court declines to exclude the records categorically. Section 636(b)(1) and Rule 72(b)(3) authorize the district judge, in conducting de novo review, to receive further evidence, and the Court has deemed Defendants' objections timely. (DE 69.) The authority to receive more evidence is discretionary, not automatic; here, the treatment records bear directly on the stated basis for the Report's Rule 56 recommendation, and Plaintiff had a chance to address them in DE 68 and DE 71.

For the same reason, the Court considers Plaintiff's later declaration at DE 73 to the extent it supplies competent merits evidence responsive to the supplemented record. The declaration is signed under penalty of perjury and was filed before this ruling. (DE 73 at 1–2.) Considering DE 73 for Rule 56 purposes does not amend the Complaint or decide DE 72.

## E. Discussion

### 1. The Operative Complaint Does Not State a Claim Against Medford

Plaintiff objects to the recommended dismissal of Medford, asserting that discovery shows her personal involvement. (DE 64.) Defendants first argue that DE 64 is not a sufficiently specific objection under *United States v. Midgette*, 478 F.3d 616, 621–22 (4th Cir. 2007), and alternatively argue that the operative Complaint

contains no defendant-specific facts concerning Medford. (DE 67 at 1–3.) Construing the *pro se* filing liberally as an objection to Medford's dismissal, the Court reviews that issue de novo.

The Court agrees with the Report. Section 1983 does not impose vicarious liability; each defendant must be alleged, through her own conduct, to have participated in the constitutional deprivation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The Complaint identifies Medford and refers generally to Bowens and Medford collectively, but it does not identify a request Medford received, a treatment or scheduling decision she made, or another act or omission from which her personal involvement reasonably can be inferred. (DE 1 at 5; DE 58 at 6–7.)

Plaintiff's later assertions concerning Medford cannot be used to change the sufficiency of the operative Complaint. They bear, if at all, on the separate amendment motion. Plaintiff's objection is, therefore, overruled, and the claim against Medford in the operative Complaint is dismissed without prejudice. That dismissal does not adjudicate DE 72.

**2. Unobjected Portions of the Report**

No party specifically objects to the Report's exhaustion determination, its recommended dismissal of official-capacity monetary-damages claims, or its conclusion that the South Carolina Tort Claims Act does not alter the pleaded federal § 1983 claim. Defendants expressly state that they do not object to the Medford and official-capacity recommendations. (DE 62 at 1.) The Court has reviewed these

portions for clear error and finds none. *See Diamond*, 416 F.3d at 315. The Court adopts those portions of the Report. (DE 58 at 8–16, 22.)

### 2. The Expanded Record Does Not Eliminate the Factual Dispute as to Bowens

Defendants' principal objection requires closer analysis. They argue that DE 62-1 establishes continuous treatment, that palliative care mitigated Plaintiff's pain, and that the record negates actual knowledge and disregard of an excessive risk. They rely principally on *Estelle*, *Farmer*, *Iko*, *Formica*, and *Pfaller*. (DE 62 at 4–5.) They also argue that Plaintiff lacked competent merits evidence before the objection-stage filings. (*Id*. at 6–8.)

The records materially narrow Plaintiff's claim. On April 10, 2024, Bowens documented pain and swelling associated with Plaintiff's wisdom teeth, provided palliative treatment, prescribed antibiotics and ibuprofen, and began the process for panoramic imaging and outside oral surgical care. On May 15, he documented that the panoramic study was delayed for security reasons. The study was completed by May 30; Bowens reviewed it and sought outside surgery approval on June 18; approval was issued July 1. (DE 62-1 at 4.)

Dr. Hall's September 16, 2024, operative report also undermines the Complaint's suggestion that the retained root fragment reflected neglected surgical error. Hall extracted teeth #1 and #32 and intentionally left a small root tip attached to the inferior alveolar nerve to avoid nerve injury; he documented that Plaintiff was informed. (DE 62-1 at 7.) The retained fragment standing alone, therefore, does not support deliberate indifference by Bowens.

The records further show post-operative treatment by Bowens, including antibiotics, analgesics, mouthwash, an October 17 examination for continued extraction-site pain, and additional medication in December. (DE 62-1 at 5.) This evidence substantially undercuts any theory that Bowens simply refused dental care.

But it does not end the Rule 56 inquiry. Plaintiff also advances a narrower theory of delayed definitive treatment for tooth #19 despite continuing pain. The defense records themselves contain evidence relevant to that theory.

Hall documented "severe decay" and "extensive distal decay" in tooth #19. The same report records that Plaintiff elected to "address #19 later" and was to see Bowens for evaluation of restoration. (DE 62-1 at 7.) That fact weakens any inference that the September 2024 interval itself resulted from deliberate delay by Bowens. By January 9, 2025, however, Bowens personally documented that Plaintiff was still experiencing extraction-site pain, that tooth #19 was hurting, and that Plaintiff was to return for follow-up; the chart also records a planned extraction of #19. (DE 62-1 at 5.)

The chart then reflects additional pain medication on February 26 and a March 6 note that Plaintiff was to return for extraction of #19, with penicillin and ibuprofen provided in the interim. Bowens extracted #19 on April 3. (DE 62-1 at 5.) Thus, the defense records show an approximately three-month interval after Bowens documented pain in #19 and planned definitive treatment, during which palliative treatment continued before extraction.

Defendants were correct that, when DE 62 was filed, Plaintiff's earlier sworn submissions addressed exhaustion rather than the merits. (DE 62 at 6–7.) DE 73, however, is a later declaration under penalty of perjury. Plaintiff states that he experienced severe and ongoing dental pain, repeatedly requested care, received temporary medication that did not resolve the underlying problem, and experienced prolonged and unnecessary pain from treatment delays. (DE 73 at 1–2.) The declaration is general and does not establish every element of the claim, but the Court may not reject its competent factual assertions on credibility grounds at summary judgment.

Defendants correctly emphasize that repeated examinations, medication, imaging, referrals, and procedures are substantial evidence inconsistent with deliberate indifference. (DE 62 at 2–5.) The record specifically explains the earlier wisdom-tooth delay as security and the outside-approval process. But neither DE 62 nor the chart identifies a comparable reason for the interval between the January 9 plan to treat #19 and the April 3 extraction. The chart instead reflects continuing medication and a March plan to return for extraction. (DE 62-1 at 5.)

That leaves a narrower factual issue than the one described in the Complaint: whether Bowens actually recognized that continued palliative treatment while definitive treatment of a painful, severely decayed tooth remained pending was insufficient to address a substantial risk of harm. *See Iko*, 535 F.3d at 241. *Jackson* confirms that delay alone is not enough; a significant delay must cause substantial harm, and the deliberate-indifference standard remains demanding. 181 F.4th at

417–18. But *Formica* recognizes that prolonged significant dental pain can itself constitute substantial harm. 739 F. App'x at 755–58.

The parties' competing uses of *Formica* illustrate the point. Defendants correctly note that *Formica* affirmed summary judgment on a wisdom-tooth delay where the evidence did not establish a serious condition or substantial harm. (DE 62 at 4.) But *Formica* also vacated summary judgment on the molar claim where evidence supported an inference that delayed definitive treatment worsened the condition and prolonged pain. 739 F. App'x at 755–58. Morris has not shown the dramatic deterioration present in *Formica*, but his sworn evidence of prolonged pain, together with the charted severe decay, repeated pain complaints, and planned extraction, is enough to prevent the Court from resolving substantial harm and subjective disregard as a matter of law on this record.

Nor does *Pfaller* establish a categorical rule that interim medication or follow-up resolves the constitutional inquiry. The published decision emphasizes that providing some treatment does not itself foreclose deliberate indifference when the evidence permits an inference that a treating physician knew further care was necessary and that interim measures were insufficient. 55 F.4th at 451–54. The facts of *Pfaller* were more severe and involved different medical treatment; the case, therefore, does not control here. It does, however, reinforce that medication and follow-up alone are not dispositive.

Accordingly, the Court modifies the Report's reasoning. The Court does not deny summary judgment merely because Defendants failed to submit treatment

records with their original motion. The records are now before the Court and substantially strengthen Bowens's position. They foreclose the broader theory of wholesale neglect and substantially narrow the retained-root theory. But viewing the supplemented record in Plaintiff's favor, they do not eliminate the genuine dispute concerning delayed treatment of tooth #19 and prolonged pain.

Defendants' objection is, therefore, overruled, and summary judgment is denied as to Plaintiff's individual-capacity Eighth Amendment claim against Bowens.

**4. Qualified Immunity**

Defendants also object to the qualified-immunity recommendation. They argue first that no constitutional violation occurred and, alternatively, that Bowens's documented course of monitoring, medication, imaging, referral, follow-up, and extraction would not have given a reasonable provider notice of a clearly established violation. (DE 62 at 5–6.)

For the reasons above, the Court cannot resolve the first qualified-immunity prong in Defendants' favor on the present record. Taking the supported facts and reasonable inferences in Plaintiff's favor, Bowens knew by January 9 that #19 was painful and that definitive treatment was planned; the record shows continued medication before the April extraction; and Plaintiff swears that the delay prolonged significant pain. A factfinder could conclude that the interim response was knowingly insufficient, even though a factfinder could also accept Defendants' medical and institutional explanation. *See Pfaller*, 55 F.4th at 450–52.

The clearly established prong also does not warrant summary judgment. In *Pfaller*, the Fourth Circuit held that a treating physician was on notice that he could not delay or withhold medically necessary care when he knew it was required, relying in part on *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009), and emphasizing that some treatment does not automatically clear the constitutional bar. 55 F.4th at 453–54. *Pfaller* also makes clear that clearly established law need not involve identical medical facts. *Id.* at 453–54. Those principles supplied fair warning before the events alleged here.

This ruling does not establish that Bowens violated the Constitution. It holds only that, on the present Rule 56 record and under the Plaintiff-favorable view of the disputed facts, Bowens is not entitled to qualified immunity as a matter of law. Defendants' objection on qualified immunity is, therefore, overruled.

**F. Conclusion**

For the foregoing reasons, it is **ORDERED** that:

1. Plaintiff's objection to the Report and Recommendation (DE 64) is **OVERRULED** to the extent Plaintiff contends the operative Complaint presently states an individual-capacity claim against Defendant Medford;
2. Defendants Bowens and Medford's objections to the Report and Recommendation (DE 62) are **OVERRULED** for the reasons stated herein;
3. the Report and Recommendation (DE 58) is **ADOPTED AS MODIFIED** by this Order;
4. Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (DE 49) is **GRANTED IN PART AND DENIED IN PART**;
5. the Motion is **GRANTED** as to the individual-capacity claim against Defendant Medford asserted in the operative Complaint, and that claim is **DISMISSED WITHOUT PREJUDICE**; this dismissal does not adjudicate Plaintiff's pending Motion for Leave to Amend;

6. the Motion is **GRANTED** as to claims for monetary damages against Defendants in their official capacities;

7. the Motion is **DENIED** as to Plaintiff's individual-capacity Eighth Amendment deliberate-indifference claim against Defendant Bowens, including Defendants' request for summary judgment on qualified-immunity grounds;

8. Plaintiff's Motion for Leave to Amend (DE 72) REMAINS PENDING before the Court and will be addressed separately; and

9. because Plaintiff's individual-capacity claim against Bowens remains pending, no final judgment shall be entered at this time.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 18, 2026